ORIGINAL

FILED
MAR 1 4 2016
U.S. COURT OF
FEDERAL CLAIMS

# In the United States Court of Federal Claims

Pro Se

Nos. 15-332C, 15-400C, 15-1000C (Consolidated)

(Filed: March 14, 2016 | Not for Publication)

| | |
|---|---|
| AROR ARK O'DIAH, <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES OF AMERICA, <br><br> Defendant. | Keywords: Pro Se Complaint; Tort Claims; Constitutional Claims; Student Loan Agreement |

*Aror Ark O'Diah*, Brooklyn, NY, Plaintiff *pro se*.

*Mollie L. Finnan*, Trial Attorney, with whom were *Brian A. Mizoguchi*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, and *Benjamin C. Mizer*, Acting Assistant Attorney General, Commercial Litigation Branch, U.S. Department of Justice, Washington, DC, for Defendant.

## OPINION AND ORDER

Pro se Plaintiff Aror Ark O'Diah has filed three complaints in this Court. See Compl., O'Diah v. United States, No 15-cv-332 (O'Diah I), ECF No. 1; Compl., O'Diah v. United States, No. 15-cv-400 (O'Diah II), ECF No. 1; Compl., O'Diah v. United States, No. 15-cv-1000 (O'Diah III), ECF No. 1. The Court has consolidated these cases because they share common issues of fact and law. See Consolidation Order, O'Diah I, ECF No. 9. The government has moved to dismiss Mr. O'Diah's complaints under Rules of the Court of Federal Claims (RCFC) 12(b)(1) and 12(b)(6). See O'Diah I, ECF No. 5; O'Diah II, ECF No. 5; O'Diah III, ECF No. 5. Mr. O'Diah has also moved for judgment on the pleadings in one of his cases. See O'Diah II, ECF No. 6. For the reasons discussed below, the Court concludes that it lacks jurisdiction over many of the claims Mr. O'Diah has asserted in his complaints, and that Mr. O'Diah has failed to plausibly allege a right to relief in any of his remaining claims. Therefore, the government's motions to dismiss

are **GRANTED**, and Mr. O'Diah's motion for judgment on the pleadings is **DENIED** as moot.[1]

## BACKGROUND[2]

The allegations in Mr. O'Diah's complaints are not clearly articulated. As best the Court can tell, Mr. O'Diah appears to assert that he has been unlawfully arrested, wrongfully convicted, and then beaten and exposed to dangerous chemicals, causing him injury. See Compl., O'Diah I, at 3, 5–6; Compl., O'Diah II, at 3; Compl., O'Diah III, at vii, 1–4, 7–10. Moreover, upon filing administrative complaints and/or lawsuits regarding these wrongs, he alleges that he was targeted for murder. See Compl., O'Diah I, at 3–4; Compl., O'Diah II, at 3; Compl., O'Diah III, at 3. All these actions have allegedly been carried out by a variety of government officers, governmental agencies, and private entities. See Compl., O'Diah I, at 1–3; Compl., O'Diah II, at 3–8; Compl., O'Diah III, at 2–4, 7–9. Based on these allegations, he claims that he has been deprived of his rights under the United States Constitution, including his rights under the first, fourth, fifth, sixth, seventh, eighth, and fourteenth amendments, as well as of similar rights under the New York State Constitution. See, Compl., O'Diah I, at 4; Compl., O'Diah II, at 7; Compl., O'Diah III, at v.

He also alleges that private individuals have defamed and attempted to murder him, Compl., O'Diah III, at 9; that his former attorneys are liable to him for malpractice, id. at 9–10; and that certain items of his valuable property have been unlawfully confiscated, id. at 10. Finally, he alleges that the United States violated the terms of a student loan repayment agreement it entered into with him in 2014. Id. at 3–5. According to Mr. O'Diah, many of these acts have been motivated by bias against him based on his race and national origin. E.g., id. at 1–2. He seeks damages of $132 billion and injunctive relief. Id. at i.

## DISCUSSION

### I. Standards for Motion to Dismiss

#### A. RCFC 12(b)(1)

The Court of Federal Claims is a court of "limited jurisdiction." E.g., Marcum LLP v. United States, 753 F.3d 1380, 1382 (Fed. Cir. 2014). The court's primary grant of jurisdiction is found in the Tucker Act, which gives the court jurisdiction "to render

---

[1] Mr. O'Diah has also filed motions to proceed in forma pauperis along with each of his complaints. The Court hereby **GRANTS** those motions solely for purposes of deciding the pending motions to dismiss.

[2] The allegations described below are drawn from Mr. O'Diah's three complaints. Mr. O'Diah has also filed many similar complaints in other jurisdictions. See, e.g., O'Diah v. Port Auth. of N.Y. and N.J., No. 05-cv-5296, 2012 WL 113551, at *1 (E.D.N.Y. Jan. 11, 2012) (discussing six of Mr. O'Diah's previous cases).

judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act thus waives the sovereign immunity of the United States to allow a suit for money damages. United States v. Mitchell, 463 U.S. 206, 212 (1983). It does not, however, confer any substantive rights on a plaintiff. United States v. Testan, 424 U.S. 392, 398 (1976). Therefore, to invoke the court's Tucker Act jurisdiction, a plaintiff must identify an independent source of a substantive right to money damages from the United States arising out of a contract, statute, regulation, or constitutional provision. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008); see also Golden Pacific Bancorp v. United States, 15 F.3d 1066, 1076 (Fed. Cir. 1994).

In deciding a motion to dismiss for lack of subject matter jurisdiction, the Court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). Further, it is well established that complaints filed by pro se plaintiffs (as is this one) are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the court that jurisdictional requirements have been met. Bernard v. United States, 59 Fed. Cl. 497, 499 (2004), aff'd, 98 Fed. App'x 860 (Fed. Cir. 2004).

### B.    RCFC 12(b)(6)

When considering a motion to dismiss for failure to state a claim under RCFC 12(b)(6), the court accepts as true the complaint's undisputed factual allegations and construes them in the light most favorable to the plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The court also draws all reasonable inferences in favor of the non-moving party. Sommers Oil Co. v. United States, 241 F.3d 1375, 1378 (Fed. Cir. 2001). Nevertheless, the complaint's factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In other words, the plaintiff's claim must be plausible on its face. Id. at 570; see also Acceptance Ins. Cos., Inc. v. United States, 583 F.3d 849, 853 (Fed. Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

### II.    Application to Mr. O'Diah's Complaints

Applying these standards, the Court concludes that it lacks subject matter jurisdiction over many of Mr. O'Diah's claims. To begin with, the Court of Federal Claims has no jurisdiction to entertain claims against any defendant other than the United States. See United States v. Sherwood, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."). Likewise, the Court of Federal Claims has no jurisdiction to rule on claims arising under any state constitution. Kurt v. United States, 103 Fed. Cl. 384, 388 (2012) (citing 28 U.S.C. § 1491). Accordingly, Mr. O'Diah's claims against

3

parties other than the United States and those premised on violations of the New York State Constitution must be dismissed.

The Court of Federal Claims' jurisdiction also does not extend to criminal matters. See Upshaw v. United States, 599 Fed. App'x 387, 388 (Fed. Cir. 2015) (per curiam); Joshua v. United States, 17 F.3d 378, 379 (Fed Cir. 1994). Nor does it extend to any claims "sounding in tort." See 28 U.S.C. § 1491(a)(1); see also Keene Corp. v. United States, 508 U.S. 200, 214 (1993) ("[T]ort cases are outside the jurisdiction of the Court of Federal Claims . . . ."); Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997)). Accordingly, the Court cannot assert jurisdiction over Mr. O'Diah's claims related to attempted murder, conspiracy, unlawful arrest and imprisonment, assault and battery, exposure to hazardous materials, defamation, legal malpractice, and/or conversion, as those claims can only be construed as alleging criminal violations or torts.

Moreover, the Court's jurisdiction over constitutional claims is limited to those claims which are based on constitutional provisions that are "money-mandating." See Brown, 105 F.3d at 623; LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995). Accordingly, the Court lacks jurisdiction over Mr. O'Diah's claims under the first, fourth, sixth, seventh, eighth, and fourteenth amendments, as well as his claims under the fifth amendment's Due Process Clause, as those provisions do not mandate the payment of public funds. See United States v. Connolly, 716 F.2d 882, 886–87 (Fed. Cir. 1983) (first amendment); Brown, 105 F.3d at 623 (fourth amendment); Dupre v. United States, 229 Ct. Cl. 706, 706 (1981) (per curiam) (fourth and sixth amendments); LeBlanc, 50 F.3d at 1028 (fifth amendment's Due Process clause and fourteenth amendment's Due Process Clause); Golden Pacific Bancorp, 15 F.3d at 1076 (fifth amendment's Due Process Clause); Winston v. United States, 465 F. App'x 960, 961 (Fed. Cir. 2012) (sixth amendment); Jaffer v. United States, No. 95-5127, 1995 WL 592017, at *2 (Fed. Cir. Oct. 6 1995) (per curiam) (seventh amendment); Trafny v. United States, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (per curiam) (eighth amendment).[3]

---

[3] Further, to the extent that Mr. O'Diah attempts to allege a claim for a taking without just compensation under the fifth amendment's Takings Clause (which provides that "private property [shall not] be taken for public use without just compensation," see U.S. Const. amend. V), he has failed to plausibly allege such a claim. Mr. O'Diah has alleged that certain items of his valuable property (including cars, money, and jewelry) have been "unlawfully seized without due process," "confiscated without [a] reasonable basis in law and fact," or "illegally confiscated." See Compl., O'Diah II, at 13. But only an "authorized" taking can form the basis of a well-pled takings claim. Del-Rio Drilling Programs, Inc. v. United States, 146 F.3d 1358, 1362 (Fed. Cir. 1998). That is, an alleged taking must be "chargeable to the government" rather than "committed by a government agent acting ultra vires." Id. It follows that, to the extent a plaintiff alleges (as does Mr. O'Diah) that the government's action "constituted a taking because the action was unlawful," the plaintiff fails to state a claim. See Starr Int'l Co. v. United States, 106 Fed. Cl. 50, 70 (2012) (citing Lion Raisins, Inc. v. United States, 416 F.3d 1356, 1369 (Fed. Cir. 2005)).

4

Finally, Mr. O'Diah has failed to state a claim regarding the alleged student loan repayment agreement with the United States. To state a claim for the breach of a contract with the United States, a plaintiff must plausibly allege the existence of a contract with the United States, the breach of a duty arising out of that contract, and damages resulting from the breach. See Kan-Almaz v. United States, 682 F.3d 1364, 1368 (Fed. Cir. 2012); Bell/Heary v. United States, 739 F.3d 1324, 1330 (Fed. Cir. 2014). Mr. O'Diah appears to allege that he entered a student loan repayment agreement with the United States under which he was to pay ten dollars each month to the Department of Education (DOE); but that he was subsequently required to pay ten dollars each month to a different agency (the Pennsylvania Higher Education Assistance Agency), as well as five dollars each month to the DOE. See Compl., O'Diah III, at 4. Moreover, he alleges that the DOE disbursed funds to Temple University against his wishes, and that the agency is now demanding repayment of those funds. See id. at 4–5.

In the first place, Mr. O'Diah has not adequately alleged the existence of a contract with the United States. See Kan-Almaz, 682 F.3d at 1368 (to allege the existence of a contract with the United States, a plaintiff must allege "(1) mutuality of intent, (2) consideration, (3) an unambiguous offer and acceptance, and (4) actual authority on the part of the government's representative to bind the government in contract" (quoting Hanlin v. United States, 316 F.3d 1325, 1328 (Fed. Cir. 2003))). In addition, Mr. O'Diah's allegations do not describe any of the terms of the purported contract. Thus, the Court is unable to ascertain the nature of the alleged contract or the duties that might arise from it. Finally, Mr. O'Diah's allegations do not explain how the United States has breached the supposed contract or how any such breach has damaged Mr. O'Diah. Accordingly, Mr. O'Diah has failed to plausibly allege a claim for the breach of a contract with the United States.

## CONCLUSION

For the reasons discussed above, the government's motions to dismiss are hereby **GRANTED**. Mr. O'Diah's claims related to his purported student loan agreement with the United States are dismissed with prejudice; his remaining claims are dismissed without prejudice. In addition, Mr. O'Diah's motion for judgment on the pleadings is hereby **DENIED**. The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

_____
ELAINE D. KAPLAN
Judge